IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00261 HG |
| Plaintiff, ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION |
| vs. ) | |
| JAMES TROIANO, (01) ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

The instant motion poses the question of whether the government should be permitted at trial to use records confidentially subpoenaed by the defense under court seal which were not as ordered provided to the defense, but instead were provided to the government.

On August 29, 2005, Troiano's previous attorney submitted an Ex Parte Application for Issuance of Subpoena and Payment of Witness Fees to the court. Troiano sought his Federal Detention Center phone records from June, 2005 through August, 2005. Through the declaration of counsel, he provided a rationale for the

request. Essentially, he sought the records in order to mount his defense and ensure that this constitutional rights were safeguarded. The application (and the records requested) were confidential and privileged, and consequently were filed ex parte "UNDER SEAL".

The court granted the subpoena request and issued an order permitting Troiano to serve the Federal Detention Center's custodian of records with a subpoena relating to the phone records. The order, like the application, was placed "UNDER SEAL".

Troiano served the Federal Detention Center (FDC) with the subpoena. However, despite the confidential nature of the matter, the FDC staff attorney contacted the prosecution. The staff attorney then provided the phone records to the government attorneys, and not to Troiano's counsel. Subsequently, Troiano received the phone recordings he confidentially requested from the prosecution.

Troiano's request to the court was premised on 18 U.S.C. 3006(a), the Criminal Justice Act and FRCP 17(b) which authorizes the issuance and service of subpoenas for indigent defendants. Troiano's FDC phone records request was not to be disclosed to the government.

The ex parte application was akin to an 18 U.S.C. 3006A(e) request for investigative or expert services. As noted in the "NOTICE TO CJA PANEL ATTORNEYS REGARDING AVAILABILITY OF INVESTIGATIVE, EXPERT AND OTHER SERVICES", received by all defense counsel upon CJA

2

appointment:

> In order to prevent the possibility that an open hearing concerning a request for subsection (e) services will cause a defendant to reveal his or her defense, these requests should be made by ex parte application. Guidelines promulgated by the United States Judicial Conference (<u>Guidelines for the Administration of the Criminal Justice Act</u>, Volume VII, <u>Guide to Judiciary Policies and Procedures.</u>) provided that the applications shall be heard <u>in camera</u> and not be revealed without the consent of the defendant. The <u>Guidelines</u> further state that such applications shall be placed under seal until the final disposition of the case in the trial court, subject to final order of the court.

Undoubtedly, Troiano did not contemplate that his trial defense would be compromised by circumvention of the court's order relating to his phone records. He certainly did not expect that the materials he confidentially requested to mount his defense would be disclosed to the prosecution. Nor did he reasonably believe that in requesting the records that the government would gain access to and employ the records in their aim to convict him. Instead, the defense reasonably felt that it would receive the phone records in confidence, evaluate the evidentiary weight of the records, and utilize the records for *defense* purposes as it saw fit.

Troiano asserts that the government's impermissible receipt of his "UNDER SEAL" phone records, and the government's potential use of the records against him, violates his Fifth Amendment right to due process of law, including the right to a fair trial and the right to present a defense. Further, Troiano asserts that his Sixth Amendment right to compulsory process and the assistance of counsel have been infringed by the government's actions.

Given that the FDC has colluded to abrogate Troiano's constitutional rights, it should also be noted that prison officials have routinely opened Troiano's legal communications prior to his receipt. His privileged legal materials have consistently come to Troiano after other persons first opened the contents of the communications. It is unconscionable for Troiano's it attorney-client communications to be disclosed to prison officials. Inmates must be present when "Legal Mail" is opened. And while FDC employees are present when a defendant opens legal mail, they are simply there to check for contraband or other improper matters and are not permitted to read the legal materials. See Title 28, Code of Federal Regulations §§ 540.18, 540.71

For the foregoing reasons, Troiano requests that this Honorable Court dismiss the indictment against him. In the alternative, Troiano requests that the court suppress and preclude from use at trial all evidence relating to his FDC phone records.

Respectfully submitted,

_____
TODD EDDINS
Attorney for James Troiano

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following parties via hand delivery on February 27, 2006.

CLARE CONNORS
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850


PAMELA TAMASHRIO
Ocean View Center
707 Richards Street, PH 7
Honolulu, Hawaii 96813

Attorney for DEFNDANT WENDELL TOKI


DATED: Honolulu, Hawaii, February 27, 2006

_____
TODD EDDINS
ATTORNEY FOR JAMES TROIANO