IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES TROIANO, aka "John Klatt" | ) | |
| (01) and WENDELL TOKI (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPORT OF FINAL PRETRIAL CONFERENCE,
MINUTES AND ORDER

A final pretrial conference was held pursuant to CrimLR17.1.1 on March 6, 2006, before the Honorable Leslie E. Kobayashi, United States Magistrate Judge. Appearing at the conference were Clare E. Connors, Esq., Assistant United States Attorney on behalf of the United States and Todd W. Eddins, Esq. on behalf of Defendant James Troiano and Pamela Tamashiro, Esq. on behalf of Wendell Toki.

Jury trial in this matter will begin at 9:00 a.m. on April 4, 2006 before the Honorable Helen Gillmor, Chief United States District Judge. The United States represented that it will take 3 to 4 trial days to complete the presentation of its case in chief inclusive of cross examination. Counsel for Defendant James Troiano

represented that it will take 1 to 2 trial days to complete the presentation of his/her

case in chief inclusive of cross examination.

Counsel for the United States made certain representations on the record

concerning the need for interpreters {CrimLR17.1.1(e)}, the dismissal of certain

counts and the elimination from the case of certain issues {CrimLR17.1.1(f)},

severance of trial as to any co-defendant or counts {CrimLR17.1.1(g)}, the joinder

of any related cases {CrimLR17.1.1(g)}, the use or identification of informants,

use of line-up or other identification procedures, and the use of evidence of prior

convictions of any witness {CrimLR17.1.1(h)}, and whether there are any

percipient witnesses whom the government does not intend to call in its case-in-

chief {CrimLR17.1.1(n)}.

 X Counsel for the United States represented to this Court that  Defendant s

requested disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(C) and (E) and that the

United States has complied with those requests.  This Court therefore finds that

Fed. R. Crim. P. 16(b)(1)(A) and (C) apply to Defendants in this case.

After due consideration of the stipulations, representations and arguments of

counsel, this Court enters the following orders concerning matters discussed at the

pretrial conference:

1.    <u>Fed. R. Evid. 404(b)</u> - The United States shall serve upon opposing counsel and file with the Court by March 8, 2006 a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b).  Defendants shall oppose the use of such evidence by filing motions in limine as hereafter provided.

2.    <u>Motions in limine</u> -

    a.    All motions in limine shall be filed with the Court and served upon opposing counsel by March 15, 2006.

    b.    Memoranda in opposition to any motions in limine shall be filed with the Court and served upon opposing counsel by March 20, 2006.

3.    <u>Brady and Giglio Material</u> - The United States shall complete its production of evidence favorable to the Defendant on the issue of guilt or punishment, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and related authorities and impeachment material, cooperation agreements, plea agreements, promises of leniency and records of criminal convictions, required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny defendants herein by March 15, 2006.  The United States is under a continuing obligation to produce <u>Brady</u> and <u>Giglio</u> material which may come into its possession right through the trial of this matter.

 X  4. <u>Jury Instructions</u> -

a.      Jury instructions shall be prepared and submitted in accordance

with LR51.1.  The parties shall serve upon each other a set of proposed jury

instructions on or before March 15, 2006.  The proposed instructions shall include

an "elements which must be proven by the prosecution" instruction for each

offense charged and proposed language to fill in the charge and elements of the

crime blanks of 9TH CIR. CRIM. JURY INSTR. 1.02 (1995).

b.      The parties shall thereafter meet and confer for the purpose of

preparing one complete set of agreed upon jury instructions.  The jury instructions

which are agreed upon shall be filed with the Court.

c.      Supplemental instructions which are not agreed upon and a

concise argument supporting the appropriateness of the proposed instruction shall

be filed with the Court.  All objections to the non-agreed upon instructions shall

be in writing and filed.

d.      All filings required by subparagraphs b and c above shall be

completed by March 22, 2006.

 X  5. Witnesses - Pursuant to stipulation by all parties, each party shall serve

upon opposing counsel and file a final comprehensive witness list indicating the

identity of each witness that the party will call at trial in each respective case-in-

chief by March 28, 2006.

6. <u>Exhibits</u> -

 X  a. The parties shall meet and exchange copies or, when appropriate, make available for inspection all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal.  Upon request, a party shall make the exhibit or the underlying documents of any exhibit available for inspection and copying.  The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits.

b. The original set of exhibits tabbed and (in binders), and one copy (in a binder) and the list of all exhibits shall be submitted to the court by the Friday before the trial date.

7.     <u>Stipulations</u> - Stipulations shall be in writing and shall be filed with the Court by March 22, 2006.

8.     <u>Voir Dire Questions</u> - The parties shall prepare in writing and submit to the court any special voir dire inquiries they wish the judge to ask the jury panel by March 22, 2006.

9.     <u>Trial Briefs</u> - Each party shall serve upon opposing counsel and file with the Court by March 22, 2006 a trial brief on all significant disputed issues of law, including foreseeable procedure and evidentiary issues, setting forth briefly the

party's position and the supporting arguments and authorities.  If a defendant

objects to the filing of a full trial brief because such a filing would disclose a

theory of defense, that defendant shall file a trial brief stating such objection and

briefing the Court on matters not covered by such objection.

 X     10. Jencks Disclosures - The United States has  agreed to make disclosures

of witness statements pursuant to the Jencks Act (18 U.S.C. §3500) by the Friday

before the trial.

11.    Other Matters -   Criminal Final Pretrial Conference Order to be issued.

 X    12.    Pretrial Conference and Motions in Limine before Judge Helen

Gillmor - All Counsel in this matter shall appear before the Honorable Helen

Gillmor, United States District Judge at 8:30 a.m. on March 23, 2006 in her

courtroom for a pretrial conference.  Counsel shall be ready at that time to discuss

with the trial judge all matters covered by this report, minutes and order.

        This order shall remain in effect until modified by the Court and shall be

modified by the Court only to prevent manifest injustice.

        IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, March 9, 2006.



Leslie E. Kobayashi
United States Magistrate Judge

**U.S.A. V. JAMES TROIANO, ET AL.; CR. NO. 05-00261 HG; REPORT OF FINAL PRETRIAL CONFERENCE, MINUTES AND ORDER**