EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes

WES R. PORTER  #7698
CLARE E. CONNORS     #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:     541-2850
facsimile:     541-2958
e-mail:        wes.porter@usdoj.gov
               clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION TO |
| | ) | DEFENDANT JAMES TROIANO'S, |
| vs. | ) | MOTION TO EXCLUDE EVIDENCE |
| | ) | RELATING TO UNCHARGED BURGLARY |
| JAMES TROIANO,       (01) | ) | OFFENSES; CERTIFICATE OF |
| aka: "JOHN KLATT," | ) | SERVICE |
| WENDELL K. TOKI,     (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO
DEFENDANT JAMES TROIANO'S MOTION TO EXCLUDE
<u>EVIDENCE RELATING TO UNCHARGED BURGLARY OFFENSES</u>**

COMES NOW the United States of America, by and through

its attorneys, Edward H. Kubo, Jr., United States Attorney for

the District of Hawaii, Wes R. Porter and Clare E. Connors,

Assistant United States Attorneys, and hereby submits its opposition to defendant James Troiano's Motion *In Limine* to Exclude Evidence Relating to Uncharged Burglary Offenses ("Motion"), filed March 15, 2006.  On August 12, 2005, the United States responded to Troiano's previous motion *in limine* to exclude this evidence.  Troiano's second Motion is also without merit and the Court should deny it in its entirety.

I.    **EVIDENCE LINKING TROIANO TO THE BROWN BOTTLE ROBBERY IS ADMISSIBLE BECAUSE IT IS INEXTRICABLY LINKED TO THE CASE**

    A.    **APPLICABLE LAW**

The Ninth Circuit has held that "[e]vidence of bad acts may be admitted for the purpose of providing the context in which the charged crime occurred." <u>United States v. Rrapi</u>, 175 F.3d 742, 748 (9th Cir. 1999).  It is a rule "of inclusion, and evidence of a prior act is admissible unless it tends to prove only criminal propensity." <u>United States v. Iverson</u>, 162 F.3d 1015, 1026 (9th Cir. 1998).  The Ninth Circuit has also held that: "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the [other act] and the evidence concerning the crime are inextricably intertwined.'" <u>United States v. Sayakhom</u>, 186 F.3d 928, 937-38 (9th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1179 (2000) (internal citations omitted).

Specifically, the Ninth Circuit has recognized two categories of evidence that may be considered "inextricably

intertwined" with a charged offense and therefore admitted without regard to Rule 404(b).  United States v. DeGeorge, 380 F.3d. 1203, 1220 (9th Cir 2004).  First, evidence of prior acts may be admitted if the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." Id.  Second, prior act evidence may be admitted "when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  Id.  With regard to this second category, the Ninth Circuit has emphasized that "[t]he jury cannot be expected to make its decision in a void - without knowledge of the time, place, and circumstances of the acts which form the basis of the charge."  United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995).

**B.**    **DISCUSSION**

Troiano seeks to prevent the United States from introducing the fact that Daniel Klein's black Toyota Camry was stolen; the fact that Curtis and Lorie Phillips' residence was burglarized and, among other items, a Colt .45 firearm taken; the fact that John Klatt's Hawaii driver's license was stolen in a burglary and then was subsequently used by Troiano to pawn items taken from the Phillips, Michael Higuchi, Michael Cordeiro, and Norine Iha; and finally, the fact that the items Troiano attempted to pawn were stolen.

3

### 1.    **Klein Burglary**

The United States previously addressed Troiano's argument concerning evidence that Klein's black Camry was stolen. The United States does not seek to implicate Troiano in the burglary and theft of the vehicle.  However, the fact that the car was taken from Klein's home in a burglary on April 13, 2005, is relevant and necessary to show that Klein was not the one who used the Camry as a getaway vehicle because he had reported it stolen at the time of the robbery.  The United States merely seeks to enter evidence that the car had been stolen and that Klein neither lent it to anyone nor drove it himself on the morning of May 9, 2005.

### 2.    **Phillips' Burglary**

Similarly, the United States previously addressed Troiano's argument regarding introduction of evidence that the Phillips' residence was burglarized.  In much the same way, the United States does <u>not</u> seek to implicate Troiano in the burglary. However, since the United States has the burden of proving that Troiano was in possession of the gun, and <u>not</u> Tony Esparza, for example, it must introduce evidence that the gun found in the Ohana Waikiki Surf was in Troiano's possession.  In this case, the fact of the burglary demonstrates that the firearm was <u>not</u> in the possession of either Lorie or Commander Phillips.  In addition, the fact that Troiano (1) pawned an item taken from the

4

Phillips' residence (that is, a DePaul medical pin) and (2) sent his daughter, Lancia, a pin belonging to Lorie Phillips, indicates that it was Troiano, and <u>not</u> Esparza or some unidentified third person, who was in possession of items from the Phillips' burglary, including the Colt .45 firearm.

The United States responds specifically to the following statements made by Troiano in his motion:

- "Apparently, the government speculates that the culprits of the Brown Bottle robbery brandished the Phillips' handgun."

- "[T]here is not any evidence that the Phillips firearm was used during the Brown Bottle incident."

Motion, 6.

The United States will rely both on the testimony of Tony Esparza, Troiano's accomplice who can identify the firearm used as the Phillips' Colt .45, and the fact that Troiano was in possession of other items stolen from the Phillips' home, including the DePaul medical pin he attempted to pawn and the pin belonging to Lorie Phillips that Troiano mailed to his daughter, Lancia. The fact that the firearm was found at the Ohana Waikiki Surf hotel, among the proceeds of The Brown Bottle robbery, is "evidence that the Phillips firearm was used during the Brown Bottle incident." Motion, 6.

• "A handgun was simply found in a hotel room where Troiano spent time."

Id.

The very fact that the Phillips' stolen handgun was found in the hotel room "where Troiano spent time," indicates that it was the firearm used by the "taller" of the two perpetrators to hit Milton Agader and to threaten him with such force that he turned over $14,000 in cash.  The Phillips' firearm was the only firearm found in the hotel room among the proceeds of the Brown Bottle robbery.

### 3.  Troiano's Use of the "John Klatt" Identity

For reasons similar to those discussed above, Troiano's attempt to exclude fingerprint evidence that goes directly to his identity fails.  Specifically, the United States will introduce evidence that on four occasions, Troiano pawned items using John Klatt's Hawaii driver's license.  Each of the four pawn tickets contained a signature purporting to be that of "John Klatt," as well as a fingerprint.  The "John Klatt" signatures were later determined to be forgeries and forensic analysis determined that the four fingerprints in fact belonged to Troiano.

It is clear from Troiano's "Motion To Strike 'AKA: JOHN KLATT' from the Indictment," filed February 23, 2006, that he is contesting his use of this identity and name.  Thus, the United States has the burden of proving that Troiano used the John Klatt

6

identity to obtain a room at the Ohana Waikiki Surf hotel.  For
these reasons, the fingerprint evidence on the four pawn tickets
linking Troiano to the burglaries is inextricably intertwined
with the United States' case because it links Troiano to the
identity of "John Klatt," which is the identification used by the
other occupant of the Ohana Waikiki Surf hotel.

        The fact that Troiano came into possession of John
Klatt's stolen identification documents, used John Klatt's Hawaii
driver's license to pawn items without the permission of the
owners, and then used John Klatt's driver's license to check into
the Ohana Waikiki Surf hotel indicates that he was also in
possession of the items recovered from the hotel, including the
proceeds of The Brown Bottle robbery and the Colt .45 firearm.
This evidence is not only "part of the transaction that serves as
the basis for the criminal charge" but it is necessary to
providing a coherent story about the events of the crime, as well
as the motivation for it.  <u>DeGeorge</u>, 380 F.3d. at 1220.

        Troiano argues that "the government seeks to elicit
evidence of the Klatt burglary merely to show that Troiano was
present in the hotel room."  Motion, 7.  This statement is true
but incomplete.  The United States also will seek to introduce
evidence of Troiano's possession of John Klatt's identification
to show that Trioano was in possession and control of the items
found at the Ohana Waikiki Surf hotel.  As Troiano mentions in

7

his Motion, the United States will introduce the testimony of Tony Esparza, Catherine Symonds, and Silvia Robinson.  Id. Troiano suggests that because of this, the United States should be prevented from introducing corroborative evidence.

This argument fails because it impermissibly restricts the United States in the presentation of its case.  Troiano will seek to cross examine Esparza and to attack his credibility.  He will do the same to Symonds and to Robinson (especially in this case, as indicated by the tenor of his Motion to Compel, filed February 24, 2006).  Moreover, although Troiano indicates in his Motion that he will not dispute the fact he was at the hotel, he has not stipulated to this fact.  Even if he were to stipulate, it does not solve the burden the United States has to demonstrate that Troiano, not Esparza or Robinson or some other unidentified person, was in control of the items in the hotel, including the firearm.  When Troiano cross-examines Esparza and Robinson, he undoubtedly will attempt to imply that either one or both was in fact in control of the weapon.  The fingerprint evidence linking Troiano to the gun, as well as to the identity of John Klatt, is admissible evidence to counter this trial tactic.

When the United States seeks to admit the evidence concerning the six burglaries, it will ask the witness if his or her home was burglarized, what was taken, whether they gave permission to James Troiano or John Klatt to pawn their

8

belongings, and whether certain items recovered by the Honolulu Police Department ("HPD") were among the items taken.  In the case of John Klatt, the United States will ask about the fact of the burglary of his residence, whether he pawned any of the items listed on the four pawn tickets, and whether he checked into the Ohana Waikiki Surf hotel on May 9, 2005.  The United States will also introduce evidence that Troiano's fingerprint was found at John Klatt's residence.

The evidence that the black Camry and the Colt .45 were stolen is not being introduced as character evidence but is intrinsic evidence of uncharged offenses arising out of the same transactions as the charged offense.  These two prior incidents link defendant Troiano to the scene of the robbery, as well as to the gun used in the commission of the robbery.  Similarly, Troiano's use of John Klatt's identification links him to the Ohana Waikiki Surf hotel and to the items found therein, most importantly, the Colt .45.

## II.  ALTERNATIVELY, THE EVIDENCE IS ADMISSIBLE PURSUANT TO 404(B)

Alternatively, if the Court were to find that this evidence is not intrinsic to the elements of the charged counts, the evidence is admissible under Rule 404(b) of the Federal Rules of Evidence ("F.R.E.").  Rule 404(b) permits the admission of evidence of "other crimes, wrongs or acts" for the limited purpose of proving "motive, opportunity, intent, preparation,

plan, knowledge, identity, or absence of mistake or accident."
United States v. King, 200 F.3d 1207, 1214 (9th Cir. 1999).

The United States must establish that (1) the prior act
tends to prove a material issue in the action, (2) the prior act
is not "too remote" from the charged offense, (3) the prior act
is similar to the charged offense, and (4) the defendant
committed the prior act.  United States v. Montgomery, 150 F.3d.
983, 1000 (9th Cir. 1998).  As demonstrated by the analysis
conducted above, the evidence that the black Camry and the Colt
.45 were stolen, tends to prove that defendant Troiano was in
possession of both items on the day and at the time of the
robbery.  The acts are not too remote in time (occurring within a
month of the robbery), and are related and similar to the robbery
in this case.  In addition, the evidence tends to establish that
defendant Troiano participated in the prior crimes such that he
was in possession of both the black Camry and the Colt .45 on the
date and time of the robbery.

With respect to the fingerprint and burglary evidence,
it tends to prove a material issue because it links Troiano to
the use of the "John Klatt" identity; it is not remote in time
but occurred very shortly before the Brown Bottle robbery; it is
similar to the charged crimes and also tends to establish that
Troiano participated in those prior crimes.

//

10

III. <u>CONCLUSION</u>

        For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's Motion in Limine to Exclude Evidence Relating to Uncharged Burglary Offenses and allow the United States to introduce the evidence discussed above.

        DATED: March 20, 2006, at Honolulu, Hawaii.

                        Respectfully submitted,
                        EDWARD H. KUBO, JR.
                        United States Attorney
                        District of Hawaii


                        By /s/ Clare E. Connors
                          WES R. PORTER
                          CLARE E. CONNORS
                          Assistant U.S. Attorneys

11

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

Todd W. Eddins
eddins@eddinsdefense.com          March 20, 2006

Attorney for Defendant
JAMES TROIANO

<u>Served by First Class Mail</u>:

Pamela E. Tamashiro, Esq.          March 20, 2006
Ocean View Center
707 Richards St., PH 7
Honolulu, HI  96813

Attorney for Defendant
WENDELL R. TOKI

DATED:  March 20, 2006, at Honolulu, Hawaii.

    /s/ Iris Tanaka