ORIGINAL

PAMELA E. TAMASHIRO   #3492
Ocean View Center
707 Richards Street, Penthouse 7
Honolulu, Hawaii 96813
Telephone:  (808) 528-3332
Facsimile:   (808) 536-0458

Attorney for Defendant
WENDELL K. TOKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00261 HG |
| ) | |
| Plaintiff, ) | DEFENDANT TOKI'S |
| ) | MEMORANDUM AND POSITION |
| vs. ) | RE: TROIANO'S MOTION FOR |
| ) | SEVERANCE; EXHIBITS 1-2; |
| WENDELL K. TOKI (02), ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendant. ) | |
| ) | Trial:   April 4, 2006 |
| ) | Time:   9:00 a.m. |
| ) | Judge:  Helen Gillmor |

## DEFENDANT TOKI'S MEMORANDUM AND POSITION RE: TROIANO'S MOTION FOR SEVERANCE

Defendant WENDELL K. TOKI ("Toki") hereby submits his memorandum and position regarding Defendant JAMES TROIANO'S ("Troiano") Motion For Severance.

Toki's position is that the motion for severance should be denied and that the government should be precluded from using his confession in its case-in-chief.

If, and only if, Toki takes the stand and testifies in a manner inconsistent with his confession should the government be permitted to introduce his confession.

The government has indicated that it intends to introduce portions of Toki's confession in its case-in-chief through Detective Brian Johnson. Once Toki's statement is introduced, counsel for Toki has the right to cross-examine the detective regarding the voluntariness of Toki's statement.

Section 3501, Title 18 United States Code provides, in pertinent part, as follows:

> If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and **the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness** and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances. [Bold added].

The Court has previously ruled that Toki's statement was voluntarily made and may be admitted in evidence. At trial, once evidence of Toki's redacted confession is introduced in the government's case-in-chief, Toki has the right to cross examine Detective Johnson as to the voluntariness of Toki's confession based upon a "totality of the circumstances." United States v. Garibay, 143 F.3d 534, 536, 538 (9th Cir. 1998) (When considering whether a confession is voluntary, the totality of the circumstances must be considered, including the background, experience, conduct and mental capacity of the defendant); 18 U.S.C.

§ 3501.

One of the circumstances bearing upon the voluntariness of Toki's statement is Toki's "hard time" to read and write.  Toki will demonstrate that the two detectives, Detective Johnson and Detective Derrick Kiyotoki, exploited Toki's limited ability to read and write during the taking of his confession.  As evidence of Toki's limited ability to write, Toki intends to introduce a written Honolulu Police Department ("HPD") form entitled, "Photographic Lineup #____."  A true and correct copy of said form is attached hereto as Exhibit 1.  During Toki's confession, Toki was asked to write in the name "James Troiano" the best he could.  A true and correct copy of portions of Toki's recorded statement, pp. 105-108, is attached hereto as Exhibit 2.  As is apparent from Exhibit 1, Toki had a "hard time" writing and spelling "James Troiano."

Exhibit 1, which demonstrates Toki's difficulty in writing, is one of the few tangible exhibits available to prove and corroborate Toki's defense.  As such, the exhibit is a crucial and necessary item of evidence for Toki, i.e., that Toki is easily manipulated and taken advantage of, in large part, because of his extreme difficulty in reading and writing.

Obviously, introduction of Exhibit 1 is highly prejudicial to Troiano because in it Toki identifies Troiano "as being a suspect in this case."  On the

other hand, Toki maintains that Exhibit 1 is a critical piece of evidence in support of his defense. If the government is allowed to introduce Toki's confession in its case-in-chief, Toki should be allowed to introduce Exhibit 1, which identifies Troiano as a suspect in the "Robbery," upon the cross examination of Detective Johnson in the government's case-in-chief.

For the foregoing reason, Toki believes that a consolidated trial is proper only if the government is precluded from introducing his confession in its case-in-chief so as not to run afoul of co-defendant Troiano's Sixth Amendment right to cross-examination.

DATED:    Honolulu, Hawaii, March 22, 2006.

_____
Pamela E. Tamashiro
Attorney for Defendant
WENDELL K. TOKI