ORIGINAL

PAMELA E. TAMASHIRO #3492
Ocean View Center
707 Richards Street, Penthouse 7
Honolulu, Hawaii 96813
Telephone: (808) 528-3332
Facsimile: (808) 536-0458

Attorney for Defendant
WENDELL K. TOKI
(03/19/2006)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 22 2006

at 3 o'clock and ___ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00261 HG |
| ) | |
| Plaintiff, ) | DEFENDANT TOKI'S PROPOSED |
| ) | JURY INSTRUCTIONS; EXHIBIT "A"; |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| WENDELL K. TOKI (02), ) | |
| ) | |
| Defendant. ) | Trial: April 4, 2006 |
| ) | Time: 9:00 a.m. |
| ) | Judge: Helen Gillmor |

### DEFENDANT TOKI'S REQUESTED JURY INSTRUCTIONS

Defendant WENDELL K. TOKI ("Defendant Toki"), by and through his attorney Pamela E. Tamashiro, hereby submits his requested jury instructions. Defendant Toki requests that the Court's following General Federal Jury Instructions in Criminal Cases be given to the jury: 1, 2B, 4-12, 14, 16, 18D, 19, and 20B. In addition, Defendant Toki requests that the Court give the jury instructions attached hereto as Exhibit "A."

Dated:       Honolulu, Hawaii, _March 21, 2006_ .

_/s/ Pamela E. Tamashiro_
Pamela E. Tamashiro
Attorney for Defendant
WENDELL K. TOKI

EXHIBIT "A"

## TABLE OF CONTENTS

| Instruction No. | Ninth Circuit Model Criminal Jury Instruction, as Modified | |
|---|---|---|
| 1 | 3.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE<br>PRESUMPTION OF INNOCENCE<br>BURDEN OF PROOF |
| | 3.5 | REASONABLE DOUBT – DEFINED |
| 2 | 4.1 | STATEMENTS BY DEFENDANT |
| 3 | 4.9 | TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA |
| 4 | 5.1 | AIDING AND ABETTING |
| 5 | 6.5 | DURESS, COERCION OR COMPULSION (TO REFUTE ELEMENT OF OFFENSE) |
| 6 | 8.16 | CONSPIRACY |
| 7 | 8.117 | HOBBS ACT – INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE |
| 8 | THEORY OF THE DEFENSE INSTRUCTION<br>(To be submitted) | |

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 1

**3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE
PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
3.5 REASONABLE DOUBT - DEFINED**
[See Court's Instruction No. 3]

The indictment or formal charge against a defendant is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove their innocence. The government has the burden of proving every element of <u>each</u> charge against <u>each</u> defendant beyond a reasonable doubt. If the government fails to do so, you must return a not guilty verdict.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required that that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

Court's Instruction No. 3, as modified

Ninth Circuit Model Criminal Jury Instructions 3.2, 3.5, as modified

<div style="text-align:center">DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 2

**4.1 STATEMENTS BY DEFENDANT**</div>

You have heard testimony that defendant Wendell K. Toki made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

>Ninth Circuit Model Criminal Jury Instructions 4.1, as modified
>
>18 U.S.C. § 3501
>
>United States v. Hoac, 990 F.2d 1099, 1108, n. 4 (9th Cir. 1993)

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 3

**4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES - IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Tony Esparza, a witness who was an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. Mr. Esparza pleaded guilty to a crime arising out of the same events for which the defendants are on trial. An Mr. Esparza's guilty plea is not evidence against the defendants, and you may consider it only in determining Mr. Esparza's believability.

For these reasons, in evaluating Mr. Esparza's testimony, you should consider the extent to which or whether Mr. Esparza's testimony may have been influenced by any of these factors. In addition, you should examine Mr. Esparza's testimony with greater caution that that of other witnesses.

Ninth Circuit Model Criminal Jury Instruction 4.9, as modified

United States v. Tirouda, 394 F.3d 683, 687-88 (9th Cir. 2005)

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 4

## 5.1 AIDING AND ABETTING

A defendant may be found guilty of the offense of interference with commerce by threat or violence, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

 First, the crime of interference with commerce by threat or violence was committed by someone;

 Second, the defendant knowingly and intentionally aided, counseled, commanded, inducted or procured that person to commit each element of the crime; and

 Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the robbery.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

           Ninth Circuit Model Criminal Jury Instruction 5.1,
           as modified

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 5

**6.5 DURESS, COERCION OR COMPULSION**
**(TO REFUTE ELEMENT OF OFFENSE)**

A defendant does not act willfully, intentionally, or voluntarily if the defendant acts under duress, coercion or compulsion at the time of the offense charged. If the government fails to prove the absence of duress beyond a reasonable doubt, then you must find the defendant not guilty.

A defendant acts under duress, coercion, or compulsion only if at the time of the offense charged:

1. There was an immediate threat of death or serious bodily injury to the defendant or a family member of the defendant if the defendant did not agree to and/or aid or abet in the commission of the crime; and

2. The defendant had a well-grounded fear that the threat of death or serious bodily injury would be carried out; and

3. The defendant had no reasonable opportunity to escape the threatened harm.

> Ninth Circuit Model Criminal Jury Instruction 6.5, as modified
>
> United States v. Domingues-Mestas, 929 F.2d 1379, 1381 (9th Cir.), cert. denied, 502 U.S. 958 (1991)

1

<u>United States v. Sayetsitty</u>, 107 F.3d 1405, 1412 (9th Cir. 1997) (Ninth Circuit law is clear that aiding and abetting contains an additional element of specific intent, beyond the mental state required by the principal crime).

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 6

### 8.16 CONSPIRACY

The defendants are charged in Count 1 of the indictment with conspiracy to interfere with commerce by threats or violence in violation of Section 1951 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt.

First, beginning from a date unknown and ending on or about May 9, 2005, there was an agreement between two or more persons to commit the crime of interference with commerce by threats or violence; and

Second, a defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit a crime. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matter of common interest, acted in similar ways, or perhaps helped

1

one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

> Ninth Circuit Model Criminal Jury Instruction 8.16, as modified

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 7

**8.117 HOBBS ACT – INTERFERENCE WITH
COMMERCE BY THREAT OR VIOLENCE**

The defendants are charged in Count 2 of the indictment with interference with commerce by threat or violence by robbery in violation of Section 1951 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt.

First, a defendant took or obtained the personal property from the person or in the presence of another, by means of actual or threatened force to his person or property, or property in his custody or possession;

Second, a defendant acted with the intent to obtain the property that a defendant knew he was not entitled to receive; and

Third, commerce from one state to another was affected in some way.

>                                  Ninth Circuit Model Criminal Jury Instruction 8.117,
>                                  as modified

DEFENDANT TOKI'S REQUESTED JURY INSTRUCTION NO. 8

**THEORY OF THE DEFENSE INSTRUCTION**

[To be submitted]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| WENDELL K. TOKI (02), | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing was duly served upon the following parties by hand delivery or mailed, first-class, postage prepaid, to the following:

   CLARE E. CONNORS, ESQ.
   Assistant United States Attorney
   Room 6100 PJKK Federal Building
   300 Ala Moana Boulevard
   Honolulu, Hawaii 96813

   Attorney for Plaintiff
   UNITED STATES OF AMERICA

   TODD EDDINS, ESQ.
   Pauahi Tower
   1001 Bishop Street, Suite 1320
   Honolulu, Hawaii 96813

   Attorney for Defendant
   JAMES TROIANO

DATED:   Honolulu, Hawaii, March 22, 2006.

/s/ Pamela E. Tamashiro
Pamela E. Tamashiro
Attorney for Defendant
WENDELL K. TOKI