EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes

WES R. PORTER        #7698
CLARE E. CONNORS     #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:    541-2850
facsimile:    541-2958
e-mail:       wes.porter@usdoj.gov
              clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' MOTION IN |
| | ) | LIMINE TO EXCLUDE SOME OF |
| vs. | ) | DEFENDANT TROIANO'S RULE |
| | ) | 404(b) EVIDENCE; CERTIFICATE |
| JAMES TROIANO,  (01) | ) | OF SERVICE |
| also known as: | ) | |
| "JOHN KLATT," | ) | Hearing: March , 2006 |
| WENDELL K. TOKI,  (02) | ) | Time: |
| | ) | Judge: Helen Gillmor |
| Defendants. | ) | |
| | ) | |
| | ) | |

UNITED STATES' MOTION IN LIMINE TO EXCLUDE
SOME OF DEFENDANT TROIANO'S RULE 404(b) EVIDENCE

COMES NOW the United States of America, by and through its attorneys, Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, Wes R. Porter and Clare E. Connors, Assistant United States Attorneys, and hereby submits its

motion in limine to exclude some of the evidence Defendant JAMES TROIANO ("TROIANO") seeks to introduce at trial pursuant to Federal Rules of Evidence ("FRE") Rule 404(b).  At the previous motions hearing, the parties, along with the Court, discussed what use TROIANO could make of the criminal history of his co-defendant and prospective government witness, Tony Esparza ("Ezparza").  TROIANO's Rule 404(b) notice presents two issues for the Court: (1) whether TROIANO can admit specific instances of conduct underlying a government witness' prior conviction; and (2) whether TROIANO can use Rule 404(b) to introduce "other crimes, acts or wrongs" of a witness.  The answer is no to both.

      TROIANO seeks to admit into evidence, not only Ezparza's prior conviction, but the specific instances of conduct underlying such convictions.  TROIANO then seeks to argue for impermissible inferences to be drawn from the "specific instances" evidence.  As discussed below, the Federal Rules of Evidence preclude TROIANO's intend use of Esparza's prior conviction.  It is to his intended use of a witness' prior conviction and the facts underlying the conviction that the government must oppose.

I.  **The Government Does Not Dispute that Esparza's Prior Conviction Is Admissible for Limited Purposes**

   A.  **Admissibility Under Rule 609**

The government does not dispute TROIANO may introduce certain information about Ezparza's qualifying, prior conviction[1] under FRE Rule 609.  TROIANO may elicit testimony about the fact of Ezparza's conviction, the offense of conviction, the court of conviction, and the ultimate sentence imposed.  TROIANO, however, is precluded from admitting any specific instances of conduct underlying Esparza's conviction, unless those specific instances are probative of untruthfulness.

The Court will instruct the jury that they may consider Ezparza's conviction in assessing his credibility *only*.  This Court routinely includes the following instruction:

> The fact that a witness has previously been convicted of a felony . . . is also a factor that may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstance that you may take into account in determining the weight to be given to the testimony.

Court's Inst. No. 14 (Gillmor, C.J.)

---

[1] According to his notice, TROIANO seeks to elicit testimony that Ezparza was charged with "attempted murder" before ultimately pleading guilty to the lesser charge of "attempted manslaughter."  The Court stated that TROIANO will be precluded from mentioning the original charge and, accordingly, the government will not address that portion of his Rule 404(b) notice here.

The advisory committee notes following FRE Rule 609 clearly demonstrate that the prior convictions of witnesses may be used for credibility only:

> Finally, the Committee determined that it was unnecessary to add to the rule language stating that, when a prior conviction is offered under Rule 609, the trial court is to consider the probative value of the prior conviction for impeachment, ***not for other purposes***. The Committee concluded that the title of the rule, its first sentence, and its placement among the impeachment rules clearly establish that evidence offered under Rule 609 is offered ***only for purposes of impeachment***.

Fed. R. Evid. 609 (advisory committee notes, 1990 amendments)(emphasis added).

In sum, TROIANO may introduce the fact of Esparza's conviction to attack Esparza's credibility. TROIANO may argue that the jury should reject Esparza's testimony, in whole and in part, on account of his prior conviction. If TROIANO wishes to admit the specific instances of conduct underlying Esparza's prior conviction, then he must establish how those facts are probative of Esparza's character for untruthfulness. At this time, TROIANO has failed to do so and his Rule 404(b) notice discusses only improper character evidence, not untruthfulness.

B.  <u>Motive or Bias</u>

The government further does dispute that TROIANO may explore with Esparza on cross examination any motivation or bias for his testimony. In attempting to develop Esparza's motivation or bias, TROIANO may inquire into the length of imprisonment

Esparza faces based upon his conviction to the conspiracy to rob a commercial establishment with TROIANO. TROIANO may then inquire whether Ezparza's conviction worsens his probable guideline range and whether with his cooperation Ezparza hopes to receive a significantly more lenient sentence. The only relevant fact for this line of questioning is the valuation of the criminal history points resulting from Esparza's conviction. <u>See</u> U.S.S.G. 4A1.1 (valuing criminal history by the sentence of imprisonment). Therefore, again, TROIANO has failed to demonstrate a need to inquire into the specific instances of conduct underlying Esparza's prior conviction.

II.   <u>Improper Uses of a Government Witness' Prior Conviction</u>

While the government does not oppose the limited usage of Esparza's prior conviction (set out above), the government opposes TROIANO's intended use of the specific instances of conduct underlying a government witness' prior conviction. The government opposes the impermissible inference described in TROIANO's Rule 404(b) notice, that is, because of his prior conviction, Esparza has a propensity for violence, physical coercion, or alike. First, as a witness, TROIANO may not inquire as to specific instances probative of anything other than that witnesses character for truthfulness. Second, propensity evidence is inadmissible against a witness and the exceptions provided in Rule 404(b) are not available to TROIANO as a

defendant in a criminal case. Accordingly, some of the evidence discussed in TROIANO's notice cannot be submitted to the jury at trial for the reasons proposed by TROIANO and, thus, must be excluded.

> A. Specific Instances of Conduct Not Probative of <u>Truthfulness Are Inadmissible Against a Witness</u>

Article VI of the Federal Rules of Evidence is entitled "Witnesses." The only rule permitting a party to introduce a witness' specific instances of conduct, Rule 608, reads as follows:

> (b) Specific instances of conduct.
>
> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, ***if probative of truthfulness or untruthfulness***, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608(b)(emphasis added).

As discussed above, Rule 609 allows a party to introduce a witness' prior conviction as probative of that witness' credibility. Rule 608 allows for the admission of specific instances of conduct but prohibits the admission of the consequences resulting from the specific instances of conduct, such as any administrative or criminal sanctions. "It should be

6

noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act." Fed. R. Evid. 608 (advisory committee notes).  Thus, a witness can be impeached by a felony conviction for larceny (Rule 609) **and** sometimes the specific instances underlying his conviction if they are probative of untruthfulness, i.e. a witness prior to testifying falsely represented that he was entitled to a government benefit and knowingly received monies as a result (Rule 608).[2]

The advisory committee notes further demonstrate that Rule 608(b) is a narrow exception to the general proposition set out in Rule 404(a), that is, character evidence is inadmissible.

> Subdivision (a).
>
> In Rule 404(a) the general position is taken that character evidence is not admissible for the purpose of proving that the person acted in conformity therewith, subject, however, to several exceptions, one of which is character evidence of a witness as bearing upon his credibility.  The present rule develops that exception.
>
> \*   \*   \*
>
> The amendment reflects the view that it is desirable to protect all litigants from the **unfair use of prior convictions**, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be

---

[2] The key difference between Rules 609 and 608(b) is proof by extrinsic evidence.  If a witness denies having a conviction, then the impeaching party may prove up the conviction through documents or the testimony of another witness.  If the witness denies the specific instances of conduct, then the impeaching party is stuck with the answer and may not prove it by extrinsic evidence.

> excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions ***for impeachment of any witness other than a criminal defendant.***

Fed. R. Evid. 608 (advisory committee notes, 1990 amendment) (emphasis added). Accordingly, the only exception to inadmissible character evidence applicable to witnesses is specific instances of conduct probative of truthfulness.

    B.    <u>TROIANO Cannot Use Rule 404(b) Against a Witness</u>

The information noticed in TROIANO's "Rule 404(b)" filing is not Rule 404(b) evidence at all. TROIANO seeks to introduce testimony during the cross examination of a prospective government witness regarding the witness' "other crimes, wrongs, or acts." In truth, TROIANO seeks to introduce improper character, or propensity, evidence against a government witness at trial. TROIANO attempts to use Rule 404(b) and the reason is obvious. Under FRE's Article VI (discussed above), TROIANO may only introduce character evidence against a witness for a single, limited purpose, the witness' credibility; under Rule 404(b), character evidence is admissible for many purposes, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b), however, is not available to TROIANO for that purpose.

As shown by the applicable Ninth Circuit's pattern jury

instruction, Rule 404(b) applies to defendants, not witnesses:

> 4.3 OTHER CRIMES, WRONGS OR ACTS **OF DEFENDANT**. You have heard evidence of other [crimes] [acts] [wrongs] engaged in **by the defendant**. You may consider that evidence only as it bears on **the defendant's** [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

Ninth Cir. Jury Inst. 4.3 (emphasis added).

Rule 404(a) describes the general proposition that character evidence is inadmissible. The text of the Rule 404 itself undermines TROIANO's intended use of the evidence:

> (3) Character of Witnesses. Evidence of the character of a witness, as provided in rules 607, 608, and 609.

Fed. R. Evid. 404(a)(3).

The advisory committee notes reemphasizes as follows:

> Notes of Advisory Committee on Rules. Subdivision (a).
>
> This subdivision deals with the basic question whether character evidence should be admitted. . . . **If the character is that of a witness**, see Rules 608 and 610 for methods of proof.

Id. (Advisory committee notes)(emphasis added).

The fact of Esparza's prior conviction may be properly before the jury, but then TROIANO's intended argument makes improper use of the evidence. TROIANO wishes to argue that because Esparza was previously convicted of a felony, whether it be for attempted manslaughter or anything else, that Esparza possesses a certain character trait, such as character for violence, coercion, "strong-arming" or aggressiveness. TROIANO

9

has informed the Court in his Rule 404(b) notice that he will argue for an inference that will transform proper credibility evidence, Esparza's prior conviction, into improper character evidence, Esparza's propensity to act in conformity with specific character trait.  Even if Rule 404(b) were available to him, TROIANO seeks to elicit propensity evidence to show that a witness acted in conformity with a certain character trait.

III.  <u>CONCLUSION</u>

Based on the foregoing reasons, the Court must prohibit TROIANO from making improper use of a government witness' prior conviction, and the specific instances of conduct underlying the conviction, beyond its probative value for credibility, motive, or bias.

DATED: March 27, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Clare E. Connors
  WES R. PORTER
  CLARE E. CONNORS
  Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

       I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF**:

Todd W. Eddins
eddins@eddinsdefense.com        March 27, 2006

Attorney for Defendant
JAMES TROIANO

**Served by First Class Mail**:

Pamela E. Tamashiro, Esq.        March 27, 2006
Ocean View Center
707 Richards St., PH 7
Honolulu, HI  96813
FAX:  536-0458

Attorney for Defendant
WENDELL R. TOKI

       DATED:  March 27, 2006, at Honolulu, Hawaii.

                                  /s/ Iris Tanaka